**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

JOSE R.,[1]                                    **3:20-CV-01500-BR**

        **Plaintiff,**                     **OPINION AND ORDER**

**v.**

**COMMISSIONER, SOCIAL**
**SECURITY ADMINISTRATION,**

        **Defendant.**

**SHERWOOD J. REESE**
**LUKE MOEN-JOHNSON**
Drew L. Johnson, P.C.
1700 Valley River Drive
Eugene, OR 97401
(541) 434-6466

        Attorneys for Plaintiff

**SCOTT ASPAUGH**
Acting United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1021

---

[1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 - OPINION AND ORDER

**WILLY LE**
Acting Regional Chief Counsel
**JEFFREY E. STAPLES**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3706

   Attorneys for Defendant

**BROWN, Senior Judge.**

   Plaintiff Jose R. seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

   For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the immediate calculation and award of benefits.

<u>**ADMINISTRATIVE HISTORY**</u>

   Plaintiff filed an application for DIB on December 12, 2017, alleging a disability onset date of December 11, 2017.  Tr. 144-45.[1]  The application was denied initially and on

---

   [1] Citations to the official transcript of record filed by the Commissioner on April 5, 2021, are referred to as "Tr."

2 - OPINION AND ORDER

reconsideration.  On August 29, 2019, Plaintiff amended his alleged onset date to October 20, 2018.  Tr. 168.  An Administrative Law Judge (ALJ) held a hearing on September 9, 2019.  Tr. 29-54.  Plaintiff was represented at the hearing. Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on October 10, 2019, in which he found Plaintiff is not entitled to benefits.  Tr. 15-24. Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on June 29, 2020, when the Appeals Council denied Plaintiff's request for review.  Tr. 1-7. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).


## BACKGROUND

Plaintiff was born on May 17, 1981, and was 38 years old at the time of the hearing.  Tr. 144.  Plaintiff has a high-school education.  Tr. 22.  Plaintiff has past relevant work experience as a mail carrier and sales person.  Tr. 48.  Plaintiff alleges disability due to irritable bowel syndrome (IBS) and back pain. Tr. 17.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 19-22.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden a claimant must demonstrate the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 404.1520. Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(I). *See also Keyser v.*

*Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations.  20 C.F.R. § 404.1520(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885

F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work the claimant has done in the past.  20 C.F.R. § 404.1520(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff did not engage in substantial gainful activity after his October 20, 2018, amended alleged onset date.  Tr. 17.

At Step Two the ALJ found Plaintiff has the severe impairments of IBS and back pain.  Tr. 17.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 17.  The ALJ found Plaintiff has the RFC to perform light work except Plaintiff "requires ready access to a restroom." Tr. 18.

At Step Four the ALJ found Plaintiff cannot perform his past relevant work.  Tr. 22.

At Step Five the ALJ found Plaintiff can perform other work that exists in significant numbers in the national economy. Tr. 23.  Accordingly, the ALJ concluded Plaintiff is not disabled.

<u>**DISCUSSION**</u>

Plaintiff contends the ALJ erred when he (1) partially rejected Plaintiff's testimony; (2) partially rejected the statements of Plaintiff's wife Brittany R., and daughter Kaleigh T.; and (3) partially rejected the opinions of treating physician Michael Boespflug, M.D.

**I.   The ALJ erred when he partially rejected Plaintiff's testimony.**

Plaintiff alleges the ALJ erred when he partially rejected Plaintiff's testimony.

The ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is

credible.  "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'"  *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)(quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).  The claimant need not show his "impairment could reasonably be expected to cause the severity of the symptom [he] has alleged; [he] need only show that it could reasonably have caused some degree of the symptom." *Garrison*, 759 F.3d at 1014 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)).  A claimant is not required to produce "objective medical evidence of the pain or fatigue itself, or the severity thereof."  *Garrison*, 759 F.3d at 1014.

If the claimant satisfies the first step of this analysis and there is not any affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so."  *Garrison*, 759 F.3d at 1014-15.  *See also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (same).  General assertions that the claimant's testimony is not credible are insufficient.  *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007).  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

Plaintiff testified at the hearing that he stopped working because he had diarrhea every day as well as "unpredictable, sudden flareups [of his IBS symptoms] at least . . . once a week." Tr. 36. Plaintiff stated he began working as a postal carrier in 2013, but he began to experience flareups of his IBS that lasted one or two days in 2014. Plaintiff was able to maintain his job as a postal carrier by taking leave under the Family Medical Leave Act (FMLA). In 2017 Plaintiff "maxed out [his] FMLA" leave, which was 480 hours a year. Plaintiff stated the number of hours he took leave from work due to his IBS symptoms in 2017 and early 2018 went "well beyond" 480 hours up "to the 600 or 700 hour range." Tr. 37. Specifically, Plaintiff testified he has "severe, chronic diarrhea" and on an average day he goes to the bathroom four times a day for 45 or 60 minutes each time. Tr. 38. Plaintiff stated he has "accidents daily," due to "the inability to hold [his] bowel movements" and leakage. Tr. 39. As a result, Plaintiff is "cleaning [himself] up constantly." *Id*. Plaintiff testified his medications make him lightheaded and drowsy, therefore, after he takes his medications he "need[s] to lay down . . . [and cannot] perform daily tasks." Tr. 43. When Plaintiff has flareups of his IBS he goes to the bathroom "easily up to eight times" per day for 45 minutes and lies down close to the bathroom between trips to the bathroom because he will be "hit with another urge, all of a sudden out of

10 - OPINION AND ORDER

nowhere, and . . . have to run" to the bathroom or have an accident.  Tr. 45.

Plaintiff also testified he has a back injury that limits his mobility and affects his sleep.

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record."  Tr. 18.  The ALJ noted the record does not support Plaintiff's alleged level of limitation from his back injury.  Specifically, the ALJ noted MRI images of Plaintiff's lumbar spine taken in May 2000 reflected "normal vertebral alignment.  Discs are maintained in height and hydration . . . . [N]euroforamina [are] maintained . . . [and] no bone marrow signal abnormality."  Tr. 366.  The record does not contain any other imaging of Plaintiff's back.

The ALJ found the record does not support Plaintiff's allegations of daily leakage and soiling his clothing or his allegations about the severity of his IBS symptoms.  In December 2017, however, Dr. Boespflug referred Plaintiff for a surgical consultation with Kevin Modeste, M.D., "for significant internal and external hemorrhoids, which have been causing stool and mucous leakage."  Tr. 300.  Plaintiff reported to Dr. Modeste

that he did not have any issues with "total incontinence but [he] has noticed some rectal leakage associate with activity." Tr. 292.  In October 2018 Plaintiff reported to Michelle Radley, PA-C, treating physician's assistant, that he had been having "leakage of loose feces" since January 2018.  Tr. 402.  In August 2019 Plaintiff reported to Leigha Tingey, PA, treating physician's assistant, that he continued to "struggl[e] with anal leakage and pain."  Tr. 414.  In addition, Plaintiff reported to medical providers that he had several loose bowel movements per day each taking 30 or 45 minutes.  *See, e.g.,*  Tr. 273-4, 285, 292-303, 315, 402, 414.  The frequency and duration of Plaintiff's IBS flares is also supported by the evidence of his work absences for which he had to take FMLA leave and/or to obtain doctor's notes.  The record reflects Plaintiff exceeded his 480 days of FMLA leave after his amended alleged onset date and that Plaintiff often missed more than two days of work per month.  *See, e.g.,* Tr. 189, 260-6, 273, 279-83, 291-301, 308, 314, 388, 393, 402.

The Court concludes on this record that the ALJ erred when he partially rejected Plaintiff's testimony regarding the intensity, persistence, and limiting effects of his IBS symptoms because the ALJ did not provide clear and convincing reasons supported by substantial evidence in the record for doing so.

## II.  The ALJ erred when he partially rejected the lay-witness statements of Plaintiff's wife Brittany R., and daughter Kaleigh T.

Plaintiff alleges the ALJ erred when he partially rejected the lay-witness statements of Brittany R. and Kaleigh T.

Lay-witness testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). *See also Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000)("[A]n ALJ, in determining a claimant's disability, must give full consideration to the testimony of friends and family members."). The ALJ's reasons for rejecting lay-witness testimony must also be "specific." *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006).  When "the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Id.* at 1056.

On August 29, 2019, Brittany R. submitted a letter in which she stated Plaintiff's symptoms include severe abdominal pain; chronic, bloody diarrhea; rectal bleeding; rectal pain; anal leakage; loss of appetite; and loss of sleep.  Tr. 252.  Brittany

R. noted Plaintiff "spends a min. of 45 mins in the restroom each time he has to use it.  This happens at least four times a day." Tr. 253.  Brittany R. also noted Plaintiff has a permanent back injury and is always in pain.  Tr. 252.

On August 29, 2019, Plaintiff's daughter, Kaleigh T. submitted a letter in which she stated Plaintiff "take[s] 45 min to 1 hour to use the bathroom multiple times a day, when he [is not] in the bathroom . . . he [is] laying down in bed due to being in pain and taking his medication."  Tr. 255.

The ALJ found the lay-witness statements are "generally consistent" with Plaintiff's allegations, but as with Plaintiff's testimony, the "objective clinical evidence, [Plaintiff's] course of treatment, and the opinions of DDS consultants [are] of greater persuasive value."  Tr. 22.

The Court has already concluded the ALJ erred when he partially rejected Plaintiff's testimony regarding his IBS symptoms because the ALJ did not provide support for his opinion based on substantial evidence in the record.  The Court, therefore, concludes the ALJ also erred when he partially rejected the lay-witness statements as to Plaintiff's IBS symptoms because the ALJ did not provide reasons germane to each witness supported by substantial evidence in the record for doing so.

III. **The ALJ erred in part when he partially rejected the opinions of Dr. Boespflug, treating physician.**

Plaintiff alleges the ALJ erred when he partially rejected the opinions of Dr. Boespflug.

"Because plaintiff filed [his] application[] after March 27, 2017, new regulations apply to the ALJ's evaluation of medical opinion evidence." *Christopher W. v. Comm'r*, No. 6:20-CV-01632-JR, 2021 WL 4635801, at *6 (D. Or. Oct. 7, 2021). "Under the [new] regulations, an ALJ 'will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)[.]'" *Id.* (quoting 20 C.F.R. §§ 404.1520c(a), 416.920c(a)). "A prior administrative medical finding is a finding, other than the ultimate determination about [disability], about a medical issue made by . . . agency medical and psychological consultants at a prior level of review . . . in [a] claim based on their review of the evidence." 20 C.F.R. § 404.1513(a)(5). In addition, the new regulations rescinded SSR 06-03p in which the SSA "explained how [it] considers opinions and other evidence from sources who are not acceptable medical sources . . . . The [new] rules revised [this] polic[y]. . . . For example, in claims filed on or after March 27, 2017, the final rules state that all medical sources, not just acceptable medical sources, can make evidence that [it] categorize[s] and consider[s] as medical opinions." Rescission

15 - OPINION AND ORDER

of Soc. Sec. Rulings 96-2p, 96-5p, & 06-3p, SSR 96-2P 2017 WL
3928298, at *1 (S.S.A. Mar. 27, 2017).

"The ALJ must articulate and explain the persuasiveness of a
[medical] opinion or prior finding based on 'supportability' and
'consistency,' the two most important factors in the evaluation.
*Christopher W.*, 2021 WL 4635801, at *6 (quoting 20 C.F.R.
§§ 404.1520c(a), (b)(1)-(2)).  "The 'more relevant the objective
medical evidence and supporting explanations presented' and the
'more consistent' with evidence from other sources, the more
persuasive a medical opinion or prior finding."  *Id.* (quoting 20
C.F.R. § 404.1520c(c)(1)-(2)).

> The ALJ may, however, is not required, to explain
> how other factors were considered including the
> relationship with the claimant (length, purpose,
> and extent of treatment relationship; frequency of
> examination); whether there is an examining
> relationship; specialization; and other factors,
> such as familiarity with other evidence in the
> claim file or understanding of the Social Security
> disability program's policies and evidentiary
> requirements.

*Id.* (quoting 20 C.F.R. §§ 404.1520c(b)(2), (c)(3)-(5)).  *But see*
20 C.F.R. § 404.1520c(b)(3)(when an ALJ finds two or more
opinions about the same issue are equally supported and
consistent with the record but not exactly the same, the ALJ must
articulate how these "other factors" were considered).

## A.    **December 29, 2017, Statement**

On December 29, 2017, Dr. Boespflug completed a
physician statement in connection with Plaintiff's "disability

16 – OPINION AND ORDER

retirement under the Civil Service Retirement System and Federal
Employees Retirement system." Tr. 385. Dr. Boespflug stated
Plaintiff's "work activities as a mail carrier have been affected
by his chronic intermittent low back pain" and noted Plaintiff
had "been given work restrictions of a maximum of 8 hours per
day, 5 days per week, as he found longer days were exacerbating
his low back pain." Tr. 385. Dr. Boespflug also noted Plaintiff
"will have flares of IBS, which involve multiple loose to
diarrheal stools, which is difficulty [*sic*] for him to control
. . . . During a flare he has significant abdominal pain and
cramping, as well as difficulty with stool urgency, and stool
incontinence if unable to find a bathroom quickly." *Id*.
Dr. Boespflug stated Plaintiff's IBS issues have been "difficult
for him to accommodate with his mail carrier route." *Id*.

Dr. Boespflug concluded

> a combination of his medical conditions has posed
> a significant disability for [Plaintiff]
> completing his job duties as a mail carrier.
> [Plaintiff's] conditions . . . wax and wane but
> are chronic conditions and are expected to be
> life-long. [Plaintiff] would benefit from a job
> which required lifting less than 50 pounds on a
> long-term basis, closer proximity and availability
> of bathroom facilities, and ability to take time
> out of work during exacerbations of his illness.
> He has previously been placed on work restrictions
> including limitations to 8 hours of work per day,
> 5 days per week, as well as FMLA qualification
> paperwork regarding intermittent periods of
> absence due to medical conditions.

Tr. 386.

17 - OPINION AND ORDER

The ALJ found the portion of Dr. Boespflug's December 2017 opinion that limited Plaintiff to lifting less than 50 pounds and that required Plaintiff have ready access to a restroom to be persuasive.  Accordingly, the ALJ limited Plaintiff to light work with ready access to a restroom in his assessment of Plaintiff's RFC.

The ALJ found the portion of Dr. Boespflug's opinion in which he noted Plaintiff required the "ability to take time out of work during exacerbations of his illness" to be unpersuasive because it was "broad and vague, and . . . does not define what constitutes an exacerbation or how long an exacerbation may last."  Tr. 21.  Dr. Boespflug, however, specifically stated Plaintiff's "flares of IBS . . . involve multiple loose to diarrheal stools, which [are] difficulty [*sic*] for him to control. . . .  During a flare he has significant abdominal pain and cramping, as well as difficulty with stool urgency, and stool incontinence if unable to find a bathroom quickly."  Tr. 385.  In addition, Dr. Boespflug referenced Plaintiff's "FMLA qualification paperwork regarding intermittent periods of absence due to medical conditions."  Tr. 386.  The record reflects Plaintiff's 2017 FMLA request granted him "unscheduled" leave "3 times per week and 24 hours per episode" and Plaintiff's 2018 FMLA request granted Plaintiff "unscheduled leave" for "1-3 x per week 24 hrs/episode."  Tr. 189, 260.

On this record the Court concludes the ALJ erred when he partially rejected Dr. Boespflug's December 2017 opinion as to Plaintiff's IBS symptoms because the ALJ did not provide clear and convincing reasons for doing so based on substantial evidence in the record.

**B.    July 20, 2018, Statement**

On July 20, 2018, Dr. Boespflug completed a note at Plaintiff's request in which he stated Plaintiff "has been unable to work 40 hr/wk without missing more than 2 days/month due to medical condition."  Tr. 388.  The ALJ found this opinion to be unpersuasive because Dr. Boespflug did not describe Plaintiff's specific abilities and limitations that supported the opinion. The Ninth Circuit has made clear that an "ALJ need not accept the opinion of any physician . . . if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

On this record the Court concludes the ALJ did not err when he partially rejected Dr. Boespflug's July 2018 opinion because the ALJ provided clear and convincing reasons for doing so based on substantial evidence in the record.

**C.    September 13, 2018, Statement**

On September 13, 2018, Dr. Boespflug submitted a statement to the Office of Personnel Management Retirement Services Disability Section in which he noted Plaintiff suffers

from chronic intermittent low back pain and "severe diarrhea
predominant" IBS.  Tr. 392.  Dr. Boespflug stated Plaintiff's IBS
is "a fluctuating condition with flare-ups including abdominal
pain, cramping, and loose blowel movements to water diarrhea,
including significant stool urgency, and stool incontinence if
unable to have a bathroom close by."  Tr. 393.  Dr. Boespflug
opined it "is likely that [Plaintiff] will continue to suffer
exacerbations of IBS, which incapacitate him from work activity
as he works as a Mail Carrier and is required to spend most of
the day out on his route away from easy access to restroom
facilities."  Tr. 393.  Finally Dr. Boespflug noted "[o]ver the
past, greater than 1 year, [Plaintiff] has missed more than 2
days of work per month due to exacerbation of his symptoms and
this is expected to continue on an ongoing basis."  Tr. 393.

        The ALJ found Dr. Boespflug's September 2018 opinion to
be unpersuasive on the grounds that Dr. Boespflug based the
limitations regarding Plaintiff missing two days of work per
month on Plaintiff's "express request rather than objective
medical evidence" and the record does not indicate "an objective
worsening of [Plaintiff's] IBS between December 2017 . . .
September 2018."  Tr. 22.  As noted, however, the record reflects
Plaintiff exceeded his 480 hours of FMLA leave in 2017 and
exhausted his 480 hours of FMLA leave before July 2018 due to
flare ups in his IBS.  In addition, Dr. Boespflug's September

20 - OPINION AND ORDER

2018 opinion did not differ significantly from his December 2017
opinion.  In his December 2017 opinion Dr. Boespflug noted
Plaintiff had "intermittent periods of absence" due to his IBS
flare ups.  In his September 2018 opinion Dr. Boespflug was more
specific as to the length and frequency of Plaintiff's
intermittent periods of absence due to IBS symptoms.

On this record the Court concludes the ALJ erred when
he partially rejected Dr. Boespflug's September 2018 opinion as
to Plaintiff's IBS symptoms because the ALJ did not provide clear
and convincing reasons for doing so based on substantial evidence
in the record.

## REMAND

The decision whether to remand for further proceedings or
for immediate payment of benefits generally turns on the likely
utility of further proceedings.  *Harman v. Apfel*, 211 F.3d 1172,
1179 (9th Cir. 2000).  When "the record has been fully developed
and further administrative proceedings would serve no useful
purpose, the district court should remand for an immediate award
of benefits."  *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir.
2004).  The decision whether to remand this case for further
proceedings or for the payment of benefits is a decision within
the discretion of the court.  *Harman*, 211 F.3d 1178.

The decision whether to remand for further proceedings or

for immediate payment of benefits generally turns on the likely
utility of further proceedings. *Id.* at 1179.  The court may
"direct an award of benefits where the record has been fully
developed and where further administrative proceedings would
serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for
determining when evidence should be credited and an immediate
award of benefits directed." *Harman*, 211 F.3d at 1178.  The
Court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally
> sufficient reasons for rejecting . . .
> evidence, (2) there are no outstanding issues
> that must be resolved before a determination
> of disability can be made, and (3) it is
> clear from the record that the ALJ would be
> required to find the claimant disabled were
> such evidence credited.

*Id.*  The second and third prongs of the test often merge into a
single question:  Whether the ALJ would have to award benefits if
the case were remanded for further proceedings.  *Id.* at 1178 n.2.

The Court has already concluded the ALJ erred when he
partially rejected Plaintiff's testimony, the lay-witness
statements of Brittany R. and Kaleigh T., and the December 2017
and September 2018 opinions of Dr. Boespflug.  When "the ALJ
fail[s] to provide legally sufficient reasons for rejecting . . .
[a] physician['s] opinion[]," the Court credits the opinion as
true.  *Benecke v. Barnhart,* 379 F.3d 587, 594 (9th Cir. 2004).
*See also Lester*, 81 F.3d at 834 (court credits improperly

22 - OPINION AND ORDER

rejected physician opinion as a matter of law).  In addition,
when an ALJ (1) improperly rejects a claimant's testimony
regarding his limitations, (2) the claimant would be deemed to be
disabled if his testimony were credited, and (3) there are not
any other outstanding issues, the court "will not remand solely
to allow the ALJ to make specific findings regarding that
testimony." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir.
2007)(citing *Varney v. Sec'y of Health and Human Serv.*, 859 F.2d
1396, 1401 (9th Cir. 1988)).  Instead the claimant's testimony is
to be credited as a matter of law.  *Lingenfelter*, 504 F.3d at
1041.  Crediting Plaintiff's testimony, the lay-witness
statements of Brittany R. and Kaleigh T., and Dr. Boespflug's
opinions, the Court concludes Plaintiff has established his IBS
symptoms would cause him to use the restroom three or four times
a day for 30 or 45 minutes each time.

The VE testified at the hearing that an individual who
needed to use the restroom three or four times a day for 30 or 45
minutes each time would be considered to be "off task" more than
ten percent of the time and would, therefore, be precluded from
"all competitive employment."  Tr. 51.  On this record,
therefore, the Court concludes Plaintiff is disabled and this
matter should not be remanded for further proceedings.  *See
Schneider v. Comm'r*, 223 F.3d 968 (9th Cir. 2000).  *See also
Reddick*, 157 F.3d at 729 ("We do not remand this case for further

23 - OPINION AND ORDER

proceedings because it is clear from the administrative record that Claimant is entitled to benefits."); *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989)(judgment for the claimant is appropriate when remand for further proceedings would only delay the receipt of benefits).

Accordingly, the Court remands this matter for the immediate calculation and award of benefits to Plaintiff.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the immediate calculation and award of benefits.

DATED this 9th day of March, 2022.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge