IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSE R.,[1]

        Plaintiff,

v.

Commissioner, Social
Security Administration,

        Defendant.

6:20-cv-01500-BR

OPINION AND ORDER

SHERWOOD J. REESE
LUKE MOEN-JOHNSON
Drew L. Johnson, P.C.
1700 Valley River Drive
Eugene, OR 97401
(541) 434-6466

        Attorneys for Plaintiff

NATALIE K. WIGHT
United States Attorney
RENATA GOWIE
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1021

---

[1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 - OPINION AND ORDER

**WILLY LE**
Acting Regional Chief Counsel
**JEFFREY E. STAPLES**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3706

      Attorneys for Defendant

**BROWN, Senior Judge.**

This matter comes before the Court on Plaintiff's Motion (#22) for Attorney Fees Pursuant to the Equal Access to Justice Act (EAJA) in which he seeks an award of attorney fees pursuant to 28 U.S.C. § 2412.

For the reasons that follow, the Court **GRANTS** Plaintiff's request for EAJA fees and **AWARDS** attorney fees in the amount of $12,911.42.

## ADMINISTRATIVE HISTORY

Plaintiff filed an application for DIB on December 12, 2017. The application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on September 9, 2019. The ALJ issued a decision on October 10, 2019, in which he found Plaintiff is not entitled to benefits. That decision became the final decision of the Commissioner on June 29, 2020, when the Appeals Council denied Plaintiff's request for review.

Plaintiff appealed the decision of the Commissioner to this

2 - OPINION AND ORDER

Court. This Court reviewed the Commissioner's denial of benefits and issued an Opinion and Order on March 9, 2022, reversing the decision of the Commissioner and remanding the matter pursuant to sentence four of 42 U.S.C. § 405(g) for the immediate calculation and award of benefits. The government did not file an appeal.

On June 3, 2022, Plaintiff filed this Motion for EAJA Fees. Plaintiff seeks an award of attorney fees in the amount of $12,911.42, and requests leave to file a supplemental motion for attorney fees incurred in defending his Motion for EAJA fees.

## STANDARDS

### I.  Award of Attorneys' Fees Under EAJA

Under EAJA the Court may award attorney fees and costs to a plaintiff's attorney in an action against the United States or any agency or official of the United States when (1) the plaintiff is the prevailing party, (2) the Commissioner has not met her burden to show that her positions during the case were substantially justified or that special circumstances make such an award unjust, and (3) the requested attorney fees and costs are reasonable. 28 U.S.C. § 2412(d)(1)(A). *See also Perez-Arellano v. Smith*, 279 F.3d 791, 792 (9th Cir. 2002).

A "prevailing party" is one who has been awarded relief by the court on the merits of at least some of his claims. *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980). "Enforceable judgments and

3 - OPINION AND ORDER

court-ordered consent decrees create 'the material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 604 (2001) (internal citation omitted).

A prevailing plaintiff is not entitled to attorney fees under EAJA when the Commissioner's positions were substantially justified. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). The Commissioner's positions are substantially justified when they are reasonably based both in law and in fact. *Id.* (citing *Pierce v. Underwood*, 487 US. 552, 566 n.2 (1988)). The Commissioner's failure to prevail on the merits of her positions does not raise a presumption of unreasonableness. *United States v. Marolf*, 277 F.3d 1156, 1162 (9th Cir. 2002)(citing *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)).

When the Commissioner opposes a claimant's fee request, she bears the burden to establish that her positions at each stage of the proceeding were "substantially justified." *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998). *See also United States v. Real Property at 2659 Roundhill Drive, Alamo, Cal.*, 283 F.3d 1146, 1151 (9th Cir. 2002). To prevail, therefore, the Commissioner must establish the positions taken by the Commissioner in opposition to the claimant's efforts to obtain Social Security benefits in both the proceedings before this

4 - OPINION AND ORDER

Court and the underlying administrative action were substantially justified. *See Lewis*, 281 F.3d at 1085-86.

The Commissioner's position "'must be justified in substance or in the main,' - that is, justified to a degree that could satisfy a reasonable person." *Gonzales*, 408 F.3d at 618 (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)). "Put another way, substantially justified means there is a dispute over which 'reasonable minds could differ.'" *Gonzales,* 408 F.3d at 618 (quoting *League of Women Voters of Cal. v. FCC,* 798 F.2d 1255, 1257 (9th Cir. 1986)).

## II. Calculating Attorney Fees

EAJA caps the hourly rate for attorney fees at $125.00, but the statute allows the Court to make adjustments for cost of living or other appropriate "special factor[s]." 28 U.S.C. § 2412(d)(2)(A). "[U]nder EAJA; *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005); and Ninth Circuit Rule 39-1.6; the statutory maximum hourly rates under EAJA, with cost of living adjustments" are $207.78 for work performed in 2020 and $217.54 for work performed in 2021 and 2022. *K.E.B. v. Saul,* 497 F. Supp. 3d 855, 867 (C.D. Cal. 2020). *See also* https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last accessed July 26, 2022).

The court may reduce an award of attorneys' fees under EAJA when the plaintiff's requested fees are unreasonable. *Costa v.*

5 - OPINION AND ORDER

*Comm'r*, 690 F.3d 1132, 1135 (9th Cir. 2012)(citing 28 U.S.C. §§ 2412(d)(1)(A), 2412(d)(2)(A)). The court applies the "lodestar" method set out in *Hensley v. Eckerhart* to determine whether a fee award is reasonable. *Id.* (citing 461 U.S. 424, 433 (1983)). *See also Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990)("[T]he district court's task of determining what fee is reasonable [under EAJA] is essentially the same as that described in *Hensley*.").

To calculate the "lodestar" amount the court multiplies "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Costa*, 690 F.3d at 1135 (quoting *Hensley*, 461 U.S. at 433). To calculate the number of hours reasonably expended the court considers "whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Hensley*, 461 U.S. at 433.

A court may not apply *de facto* caps on the number of hours for which an attorney can be compensated under EAJA. *Costa*, 690 F.3d at 1136. Cases must be considered on an individualized basis. *Id.* In order to reduce the number of hours requested for a particular task, a court must explain why the amount of time requested is too high and provide specific reasons for making significant reductions. *Id.* at 1136-37.

## DISCUSSION

As noted, Plaintiff seeks attorney fees in the amount of $12,911.42 comprised of 59.5 hours expended by counsel at the statutory rates of $207.78 per hour for 2020 and $217.54 per hour for 2021 and 2022.

Defendant does not dispute Plaintiff is a prevailing party or assert there are any special circumstances that would make an award of attorney fees "unjust." Defendant, however, opposes Plaintiff's Motion on the basis that the amount of Plaintiff's requested fees is unreasonable. Specifically, Defendant notes the record in this matter was 433 pages; the case involved routine issues; and Plaintiff's counsel are experienced attorneys, and, therefore, they should be able to review an average transcript and to draft and to edit an opening brief in less than 44 hours. Accordingly, Defendant requests the Court reduce the requested attorney fees by 14.5 hours or $3,154.33. Defendant relies on a number of cases decided by other judges in this district in which they have approved smaller attorney-fee amounts. The Ninth Circuit, however,

> has cautioned against reviewing the amount of time spent in other cases to decide how much time an attorney could reasonably spend on the particular case before the court because that determination will always depend on case-specific factors including the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained.

*Laurie B. v. Comm'r*, No. 6:20-CV-2173-JR, 2022 WL 2149477, at *1

7 - OPINION AND ORDER

(D. Or. June 13, 2022)(citing *Costa v. Comm'r*, 690 F.3d 1132, 1136 (9th Cir. 2012)). In addition, this Court and other judges in this District have held in other cases that approximately the same number of hours that Plaintiff's counsel spent in this were reasonable in those cases. *See, e.g., Laurie B. v. Comm'r*, No. 6:20-CV-2173-JR, 2022 WL 2149477, at *1 (D. Or. June 13, 2022)(finding 61.5 hours is a reasonable amount of time for litigating the matter); *Parrish v. Comm'r*, No. 1:16-CV-02246-BR, 2018 WL 1402584, at *3 (D. Or. Mar. 20, 2018)(finding 44 hours is a reasonable amount of time to review a 900-page record and to draft and edit opening brief); *Kenneth A. v. Berryhill*, No. 3:17-cv-01575-JR, 2019 WL 377613, at *5 (D. Or. Jan. 30, 2019)(finding 11.9 hours is a reasonable amount of time to review a 589-page record and 30.8 hours is a reasonable amount of time to draft an opening brief with "only three routine issues.").

In addition, Plaintiff's counsel obtained excellent results. Specifically, the Court remanded this matter for the immediate award of benefits. The Supreme Court has noted "[w]he[n] a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).

Finally, the Ninth Circuit has repeatedly reminded courts

8 - OPINION AND ORDER

that "'lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees' because '[t]he payoff is too uncertain.'" *Costa*, 690 F.3d at 1136 (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)). "As a result, courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Costa*, 690 F.3d at 1136 (quoting *Moreno*, 534 F.3d at 1112).

The Court concludes on this record that the amount of time expended by counsel in this matter is not unreasonable and the amount of requested attorney fees is not excessive. Accordingly, the Court awards Plaintiff attorney fees in the amount of $12,911.42. The Court also grants Plaintiff leave to file a supplemental motion for attorney fees that counsel incurred defending Plaintiff's Motion for EAJA fees.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion (#21) for Attorney Fees Pursuant to the Equal Access to Justice Act and **AWARDS** Plaintiff attorney fees in the amount of **$12,911.42**.

The Court **GRANTS** Plaintiff leave to file a supplemental motion for attorney fees that counsel incurred defending the fee

petition.

IT IS SO ORDERED.

DATED this 27th day of July, 2022.

_____
ANNA J. BROWN
United States Senior District Judge

10 - OPINION AND ORDER